Filed 1/24/25  P. v. Cross CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRELL A. CROSS,<br><br>        Defendant and Appellant. | A170168<br><br>(Alameda County<br>Super. Ct. No. 140163) |

MEMORANDUM OPINION[1]

Defendant Terrell Cross appeals from a trial court order modifying the judgment under Penal Code section 1172.75 to strike four one-year enhancements for prior prison terms.[2]  He claims, and the Attorney General concedes, that the court erred by failing to conduct a full resentencing.  We agree with the parties that the matter must be remanded for resentencing.

Based on crimes Cross committed in 1999, a jury convicted him of second degree murder of John McClendon, possession of a firearm by a felon, and two counts of assault with a deadly weapon.  The jury also found true various enhancement allegations, including that Cross personally and

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

[2] All further statutory references are to the Penal Code.

intentionally discharged a firearm causing death under section 12022.53, subdivision (d), and had at least four prior prison terms under former section 667.5, subdivision (b).[3] The trial court sentenced him to a total term of 54 years to life in prison, and this division affirmed the judgment in 2004. (*People v. Cross* (Oct. 12, 2004, A102451) [nonpub. opn.].)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1171.1, later renumbered without substantive change as section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Upon being informed that a person is "currently serving a term for a judgment that includes [such] an enhancement," the trial court "shall recall the sentence and resentence the defendant." (§ 1172.75, subds. (b) & (c).)

On March 5, 2024, the trial court held a hearing in this matter under section 1172.75. Cross appeared remotely and was represented by counsel. The trial court asked what the parties' "proposal" was. Cross's counsel stated that since the prosecutor was "unwilling to exercise any [resentencing] discretion . . . at this time," Cross was "for now . . . asking for the Court to just strike the one-year enhancements and leave everything as it is." Cross's counsel also asked the court to consider striking a $5,000 restitution fine.

---

[3] Cross was convicted of murder under section 187, firearm possession by a felon under section 12021, subdivision (a), and assault with a deadly weapon under section 245, subdivision (a)(2). We are unable to determine from the record before us precisely which enhancement allegations the jury found true.

2

The trial court struck "the four one-year 667.5(b) priors" and any probation investigation fee "as a matter of law." The court also reduced the restitution fine to $3,000. When Cross asked to "say something," the court did not allow him to do so, stating, "You will receive an amended abstract with the priors stricken, the fines reduced, and that's all we can do for now." The amended abstracts of judgment show a total indeterminate term of 40 years to life for murder and the accompanying firearm enhancement and a total determinate term of 10 years for the remaining offenses and enhancements.

When a trial court resentences a defendant under section 1172.75, it must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In addition, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Thus, "[b]y its plain terms, section 1172.75 requires a *full resentencing*, not merely that the . . . court strike the newly 'invalid' enhancements." (*People v. Monroe, supra,* 85 Cal.App.5th at p. 402, italics added; accord *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)

Here, the trial court failed to conduct a full resentencing under section 1172.75. We agree with the Attorney General that the record demonstrates the court was not "aware of its discretion to apply changes in

3

the law" since the original sentencing—such as the discretion to strike firearm enhancements conveyed by Senate Bill No. 620 (2017–2018 Reg. Sess.)—"or consider post conviction factors that would reduce [Cross's] sentence." Although section 1172.75 provides that "[t]he parties may waive a resentencing hearing," the parties agree the record fails to show a valid waiver of Cross's right to a full resentencing.

We concur with the parties' view of the record and the applicable law. Thus, the March 5, 2024 sentencing orders are vacated, and the matter is remanded for resentencing in accordance with section 1172.75.

_____

Humes, P.J.



WE CONCUR:



_____

Langhorne Wilson, J.



_____

Smiley, J.*



*Judge of the Superior Court of the County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Cross* A170168